Filed 9/8/23  P. v. Hyatt CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

<table>
<tr><td>THE PEOPLE,</td><td></td></tr>
<tr><td>Plaintiff and Respondent,</td><td>E079582</td></tr>
<tr><td>v.</td><td>(Super.Ct.No. BAF2001236)</td></tr>
<tr><td>JASON ROBERT HYATT,</td><td>OPINION</td></tr>
<tr><td>Defendant and Appellant.</td><td></td></tr>
</table>

APPEAL from the Superior Court of Riverside County.  Bernard Schwartz, Judge.

Affirmed.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

A jury convicted Jason Robert Hyatt of willfully inflicting corporal injury on the mother of his child (Jane Doe). Hyatt also admitted two prior strike offenses. We appointed counsel to represent Hyatt on appeal, and counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, asking us to conduct an independent review of the record. We affirm.

BACKGROUND

In August 2020, police responded to a 911 call at Hyatt's home. Hyatt's mother told the 911 operator that Hyatt was "being physical" with and hitting Doe. The responding officer heard a female screaming as he approached the house. Hyatt's mother met the officer at the door and directed the officer to Hyatt's bedroom, where the officer found Hyatt and Doe on the bed. Doe was crying, shaking, and visibly upset, and she ran from the room shortly after the officer entered. She had a red bite mark and swelling on her shoulder, a red and swollen eye, and multiple black and blue bruises on her arms and legs. The black and blue bruises appeared to be older injuries that had not just occurred.

At trial, Hyatt's mother testified that she only vaguely remembered calling the police, and she did not recall anything else about that day. After reviewing the transcript of her 911 call, she testified that she called 911 because Hyatt and Doe were fighting. She did not recall telling the operator that Hyatt was hitting Doe.

Doe also testified at trial. Although her testimony was inconsistent, she said that she sustained the injury to her eye when she and Hyatt were arguing, and he hit her with his fist. He also bit her on the shoulder. She sustained the bruises on her legs during a fight with her sister, but Hyatt gave her the bruises on her arm during an earlier fight.

2

Doe also described an incident that occurred in October 2019: Hyatt was angry with her and punched her twice in the nose, breaking it.

Hyatt called his mother many times while he was in custody for this case. On one of those occasions, he told her to throw her subpoena in the trash and not to come to court. On another occasion, he told her that if she was going to come to court, she should say, "'I don't know,'" "'don't remember,'" or "'didn't see nothing.'" During one of the calls, Hyatt's mother gave him Doe's phone number, even though a protective order prohibited Hyatt from contacting Doe. Hyatt also called Doe many times while he was in custody. During those conversations, he told Doe that he loved and missed her and that his "world revolve[d] around" her. Hyatt also told her about his trial date, and she said that she would not come to court to testify.

The jury convicted Hyatt of willfully inflicting corporal injury on Doe. (Pen. Code, § 273.5, subd. (a); unlabeled statutory citations refer to this code.) Hyatt admitted that he had two prior strikes (convictions in 2004 and 2014 for first degree burglary (§ 459)) within the meaning of the Three Strikes law.[1] The trial court sentenced him to prison for the low term of two years and doubled the term to four years under the Three Strikes law. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) The court awarded Hyatt 1,336 days of custody credit, consisting of 668 days actually served and 668 days

---

[1] Counsel's *Wende* brief erroneously states that Hyatt admitted one prior strike and that the court dismissed the other prior strike allegation. The court sentenced Hyatt in this case as part of a "global disposition" that involved a number of other pending cases against him. At the sentencing hearing, the court took Hyatt's guilty pleas and admissions on those other cases. In one of those cases, Hyatt admitted one prior strike, and the court dismissed the second prior strike allegation.

of conduct credit.  It also imposed fees of $70 (§ 1465.8, subd. (a)(1); Gov. Code, § 70373, subd. (a)(1)), a victim restitution fine of $300 (§ 1202.4, subd. (b)(1)), and a parole revocation restitution fine of $300 (§ 1202.45, subd. (a)), but the court stayed all of those fines and fees.

## DISCUSSION

Counsel's *Wende* brief identified six potential arguable issues:  (1) whether there was sufficient evidence to support Hyatt's conviction; (2) whether Doe's trial testimony was so incoherent that Hyatt was effectively denied his Sixth Amendment right of confrontation; (3) whether the court abused its discretion by admitting evidence of the uncharged October 2019 incident between Hyatt and Doe; (4) whether the court abused its discretion by admitting photos of Doe's injuries that may not have been caused by Hyatt; (5) whether the court abused its discretion by admitting evidence of Hyatt's witness dissuasion or the protective order prohibiting him from contacting Doe; and (6) whether the prosecutor improperly shifted the burden of proof in closing argument and, if so, whether defense counsel was ineffective for failing to object.  We advised Hyatt that he had 30 days to file any personal supplemental brief.  We received no response.

We have independently reviewed the record and find no arguable error that would result in a disposition more favorable to Hyatt.  (*People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)  Accordingly, we affirm the judgment.

4

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ _____
                                                    J.

We concur:

RAMIREZ _____
                        P. J.
FIELDS _____
                        J.

5